UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

August 18, 2006

MEMO TO COUNSEL RE:   Harleysville Mutual Insurance Company v. The Whiting-Turner
Contracting Co., et al.
Civil No. JFM-05-3183

Dear Counsel:

    I am in receipt of Mr. Moylan's letter of August 16, 2006. The revised schedule Mr. Moylan proposes in the letter is approved. I assume you will be in touch with Magistrate Judge Bredar to reschedule the mediation conference.

    Because the mediation conference had been scheduled for August 31, 2006, I have refrained from ruling upon Harleysville's pending motion to dismiss counts II and III. In light of (1) the length of time that the motion has been pending, (2) the postponement of the mediation conference, and (3) the fact that in Count II Whiting-Turner has asserted a claim for possible attorney fees that might affect your settlement discussions, I will rule upon the motion now. The motion is granted.

    As to Count II Whiting-Turner's interpretation of the indemnity provision in paragraph 9(e) of the subcontract is patently unreasonable. As Harleysville contends in its initial memorandum, it would violate clear and fundamental public policy if paragraph 9(e) were interpreted to require a Whiting-Turner subcontractor (or assignee of the subcontractor) to defend Whiting-Turner from the subcontractor's own claim and return the proceeds of any judgment obtained against Whiting-Turner to Whiting-Turner. Whiting-Turner concedes as much by contending in its opposition memorandum that it interprets the provision only to apply in the event that the subcontractor (or assignee of the subcontractor) does not prevail in the action against Whiting-Turner. The fallacy in this contention is that Paragraph 9(e) contains no language supporting such an interpretation of its terms.

    As to count III, no "intimate nexus" within the meaning of *Jacques v. First Nat'l Bank of Maryland*, 515 A.2d 756, 759-60 (Md. 1986), exists between Harleysville and/or the Joint Venture on the one hand, and Whiting-Turner, on the other. I have previously held that "[a]rms-length negotiations between representatives of commercial entities do not establish an intimate nexus unless 'they invoke considerations of personal trust and reliance'". *Sagent Technology, Inc. v. Micros Systems, Inc.,* 276 F. Supp. 2d 464, 471-72 (D. Md. 2003). The Fourth Circuit has similarly stated that a tort duty arises out of a contractual relationship only if that relationship

includes "a vulnerable party".  *Lawyers Title Ins. Corp. v. Rex Title Corp.*, 282 F.3d 292, 294 (4th Cir. 2002).

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                  Very truly yours,

                  /s/

                  J. Frederick Motz
                  United States District Judge

cc: Honorable James K. Bredar